IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SIX ELECTRONIC DEVICE IMAGES (3 IPHONE 6 AND 3 IPAD AIR) AND FIVE ELECTRONIC BACK-UP IMAGES (3 IPHONE 6, 1 IPHONE 6 PLUS, AND 1 IPHONE 5), CURRENTLY LOCATED AT 601 4TH STREET NORTHWEST, WASHINGTON, DC 20535 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Special Agent Dwayne T. Thompson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—images of several electronic devices (as described in Attachment A)—currently in law enforcement possession, and the extraction from that property of electronically stored information (as described in Attachment B).

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been for one and a half years. Prior to my employment with the FBI, I was a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations for approximately five years, and the Internal Revenue Service, Criminal Investigation Division for over five years. I have received special training in the enforcement of laws as found in Titles 18, 21, and 26 of the United States Code. I have training and experience in the enforcement of the laws of the United States, including the preparation, presentation, and service of criminal complaints, arrests,

and search and seizure warrants. As a Special Agent, I have also received training in, and have investigated crimes involving computers, smart phones, electronic storage devices, and related crimes.

3. I make this affidavit based on my personal knowledge, as well as information made known to me in the course of this ongoing federal criminal investigation into suspected violations of, *inter alia*, 18 U.S.C. § 1505 (obstruction of proceedings before departments, agencies, and committees), 18 U.S.C. § 1512(c)(1) (tampering with a witness, victim, or an informant ), 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in Federal investigations and bankruptcy ), and 18 U.S.C. § 1621 (perjury). This affidavit is intended only to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4. The property to be searched is a collection of images made of mobile electronic devices and back-up files. The images described in the paragraph subparts immediately below will be identified collectively hereinafter as "Images," and all are currently located at 601 4th Street Northwest, Washington, DC 20535.

   a. An image extracted (using Cellebrite - UFED Physical Analyzer 4.2.2.95) on August 4, 2015 from an iPhone 6 with the serial number F19NH0R7G5MG.

   b. An image extracted (using Cellebrite - UFED Physical Analyzer 4.1.0.178) on October 21, 2015 from an iPhone 6 with the serial number F17PT9HEG5MG.

c. An image extracted (using Cellebrite - UFED Physical Analyzer 4.4.0.81) on November 4, 2015 from an iPhone 6 with the serial number F17PT9HEG5MG.

d. Three separate images extracted (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 15, 2016 from an iPad Air with the serial number DMPML0DRF4YG.

e. A back-up file of an iPhone 5, serial number DNQKKU6JFH19, that was created on January 26, 2015 at 12:43 PM and was imaged (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 17, 2016.

f. A back-up file of an iPhone 6 Plus, serial number FK1NQHJRG5QJ, that was created on January 27, 2015 at 4:39 PM and was imaged (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 17, 2016.

g. A back-up file of an iPhone 6, serial number F19NH0R7G5MG, that was created on January 27, 2015 at 4:48 PM and was imaged (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 17, 2016.

h. A back-up file of an iPhone 6, serial number F19NH0R7G5MG, that was created on January 27, 2015 at 4:57 PM and was imaged (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 17, 2016.

i. A back-up file of an iPhone 6, serial number F19NH0R7G5MG, that was created on June 9, 2015 at 4:13 PM and was imaged (using Cellebrite - UFED Physical Analyzer 4.5.0.230) on January 13, 2016.

5. The applied-for warrant would authorize the forensic examination of the Images for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. Each of the Images was extracted from a device, or copied from a back-up file created from a device, used by AT&T executive Daniel York. York was an executive at DirecTV prior to AT&T's 2015 acquisition of DirecTV. Beginning in 2014, the Federal Communications Commission ("FCC") and the Department of Justice ("DOJ") opened separate civil investigations into whether AT&T, DirecTV, and other Los Angeles-area video programming providers were improperly coordinating their refusal to license broadcast rights to LA Dodgers games. In a civil action filed on November 2, 2016 in the Central District of California, Case No. 2:16-cv-08150, the United States alleges that DirecTV "unlawfully exchanged strategic information with three competitors during their parallel negotiations concerning carrying Dodgers games," Paragraph 1, and specifically that York "exchanged information with his counterparts at Cox, Charter, and AT&T about their carriage plans for the Dodgers Channel," Paragraph 4. Among the unlawful communications alleged in the complaint is a text-message exchange between York and then-AT&T executive Aaron Slator. Paragraph 13. York admitted in a civil investigative deposition that he intentionally deleted the text-message exchange while he was subject to litigation holds derived from the DOJ and FCC investigations. He claimed his motivation for doing so was a separate lawsuit filed in California state court.

7. The date on which York actually deleted the key text-message exchange will be probative of his intent to criminally obstruct the DOJ and/or FCC investigations in violation of

18 U.S.C. §§ 1505, 1512(c)(1), 1519 and/or 1621, and likely will be ascertainable via forensic examination of the Images, which typically maintain metadata that reflect deletion events.

8. The Images are currently in the lawful possession of the Federal Bureau of Investigation. They came into the FBI's possession in the following way: AT&T, pursuant to its preservation obligations in the separate civil investigations, created the images of the underlying devices and later produced them voluntarily to law enforcement in the criminal investigation and with corporate consent to search them. Therefore, while the FBI might already have all necessary authority to examine the Images, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Images will comply with the Fourth Amendment and other applicable laws.

9. The Images are currently in storage at 601 4th Street Northwest, Washington, DC 20535. In my training and experience, I know that the Images have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Images first came into the possession of the FBI.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

11. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how

the devices from which the Images were taken were used, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Images because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

12.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Images consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices containing the Images to human inspection in order to determine whether it is evidence described by the warrant.

13.    *Manner of execution.* Because this warrant seeks only permission to examine Images already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto any premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

14.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Images described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____

Dwayne T. Thompson
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on January 12, 2017:

_____
UNITED STATES MAGISTRATE JUDGE